Kessler v Carnegie Park Assoc., L.P. (2020 NY Slip Op 06767)





Kessler v Carnegie Park Assoc., L.P.


2020 NY Slip Op 06767


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2016-12629
 (Index No. 514588/15)

[*1]Beverly Kessler, etc., et al., appellants, 
v
Carnegie Park Associates, L.P., et al., respondents, et al, defendants.


Held & Hines, LLP, Brooklyn, NY (Marc J. Held and Goldsmith & Fass [Robert N. Fass] of counsel), for appellants.
Boies Schiller Flexner, LLP, New York, NY (Nicholas A. Gravante, Jr., and Luke Nikas of counsel), for respondents Carnegie Park Associates, L.P., Carnegie Park Tower, LLC, and The Related Companies, L.P.
Holland & Knight, LLP, New York, NY (Christopher G. Kelly, Robert J. Burns, and Andrew N. Choi of counsel), for respondent 200 East 62nd Owner, LLC.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 22, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant 200 East 62nd Owner, LLC, which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and that branch of the separate motion of the defendants Carnegie Park Associates, L.P., Carnegie Park Tower, LLC, and The Related Companies, L.P., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Carnegie Park Tower, LLC.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 2014, the named plaintiffs were rental tenants in an apartment building owned by the defendant Carnegie Park Tower, LLC (hereinafter CPT). In December 2014, the New York State Attorney General accepted CPT's plan to convert the building from rental units to condominium ownership pursuant to a "non-eviction plan," as defined by General Business Law § 352-eeee.
The named plaintiffs, who are senior citizens and/or disabled persons who elected not to purchase their respective units, vacated their units and thereafter commenced this action, inter alia, to recover damages for breach of contract against CPT and the affiliated entities Carnegie Park Associates, L.P., and The Related Companies, L.P. (hereinafter collectively the Carnegie defendants). The named plaintiffs contended that CPT terminated their tenancies in violation of General Business Law § 352-eeee's protections for eligible senior citizens and eligible disabled persons. The named plaintiffs sought to bring this action as a class action on behalf of all tenants of residential buildings in New York City who were disabled or over 62 years of age when an offering plan relating to the conversion of their building was accepted for filing by the Attorney General. Accordingly, the complaint named as defendants the owners of a number of other buildings [*2]in New York City, including 200 East 62nd Owner, LLC (hereinafter East 62nd), which submitted a "non-eviction" offering plan to convert its building to condominium ownership to the Attorney General in 2014.
East 62nd moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, and the Carnegie defendants separately moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against CPT. The Supreme Court, inter alia, granted those branches of the motions, finding that neither the offering plans nor General Business Law § 352-eeee offered the plaintiffs the protections they claimed. The plaintiffs appeal.
General Business Law § 352-eeee provides for the conversion of rental buildings to cooperative or condominium ownership pursuant to either "eviction plans" or "non-eviction plans" (see General Business Law § 352-eeee[1][b], [c]; [2][c], [d]). Pursuant to a non-eviction plan, such as those at issue here, a non-purchasing tenant cannot be evicted due to failure to purchase or for "any other reason applicable to expiration of tenancy" (General Business Law § 352-eeee[2][c][ii]; see Paikoff v Harris, 185 Misc 2d 372, 377 [App Term, 2d Dept]). However, a "non-purchasing tenant" is "[a] person who has not purchased under the plan and who is a tenant entitled to possession at the time the plan is declared effective" (General Business Law § 352-eeee[1][e] [emphasis added]; see MH Residential 1, LLC v Barrett, 78 AD3d 99, 102).
Under the version of General Business Law § 352-eeee that was in effect in 2015, when CPT and East 62nd's offering plans became effective, tenants who qualified as "eligible senior citizens" or "eligible disabled persons" whose buildings were being converted subject to eviction plans and who elected "non-purchasing tenant" status were entitled to protection against, inter alia, eviction (see General Business Law former § 352-eeee[1][e]-[g]; [2][d][iii]; 13 NYCRR 18.3[a][1]; 18.8[a]; 23.3[a][1]; Paikoff v Harris, 185 Misc 2d at 377). However, as the law then stood, General Business Law § 352-eeee did not extend the same protections to senior citizens or disabled persons whose buildings were being converted subject to non-eviction plans (see General Business Law former § 352-eeee[2][c]; 13 NYCRR 18.3[a][2]; 23.3[a][2]). As a result, senior citizens and disabled persons whose leases expired in the period between the acceptance of a conversion plan for filing by the Attorney General and the date on which the plan became effective had a statutory right to elect non-purchasing tenant status and avoid eviction under eviction plans, but not under non-eviction plans.
In November 2015, February 2016, and August 2016, the New York State Department of Law, Real Estate Finance Bureau, promulgated emergency and revised regulations extending the same protections to senior citizens and disabled persons under non-eviction plans as those available under eviction plans (see Department of Law Regulations, Emergency/Proposed Rulemakings 11/10/15, 13 NYCRR 18.1, 18.3, 18.5, 23.1, 23.3, 23.5 [Westlaw cite: 2015 NY Reg Text 409901 (NS)]; Department of Law Regulations, Revised Rulemakings 2/24/16, 13 NYCRR 18.1, 18.3, 18.5, 23.1, 23.3, 23.5 [Westlaw cite: 2016 NY Reg Text 409901 (NS)]; Department of Law Regulations, Emergency/Proposed Rulemakings 8/31/16, 13 NYCRR 18.1, 18.3, 18.5, 23.1, 23.3, 23.5 [Westlaw cite: 2016 NY Reg Text 409901 (NS)]) and, effective June 14, 2019, the legislature amended Section 352-eeee to provide the same protections to senior citizens and disabled persons under non-eviction plans as under eviction plans (see L 2019, ch 36, § 6458, Part N, NY GEN BUS § 352-eeee). However, the emergency and revised regulations applied only to future offering plans and to those plans that, unlike the plans at issue here, had been submitted but not yet accepted for filing, and neither the regulations nor the amendments to Section 352-eeee applied retroactively. Therefore, as the Appellate Division, First Department concluded in related litigation, as the law stood in 2015, the plaintiffs were not entitled to the protections they seek to invoke (see Kessler v HFZ 90 Lexington Ave. Owners LLC, 168 AD3d 442, 443). Moreover, contrary to the plaintiffs' contention, the offering plans did not extend to the plaintiffs a contractual right to the same protections as senior citizens and disabled persons under eviction plans. Accordingly, we agree with the Supreme Court's determination to grant that branch of East 62nd's motion which was to dismiss the complaint insofar as asserted against it, and that branch of the Carnegie defendants' motion which was to dismiss the complaint insofar as asserted against CPT.
In light of the foregoing, we need not reach the defendants' remaining contentions.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court